UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN D. LYONS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | NO.  C14-1691-RAJ-JPD<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Stephen D. Lyons appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff is a 50-year-old man with an eleventh-grade education. Administrative Record ("AR") at 57, 96. His past work experience includes employment as a machinist and gardener. AR at 316. Plaintiff worked in 2011, but has not engaged in substantial gainful activity since his amended alleged onset date. AR at 35-36.

REPORT AND RECOMMENDATION - 1

On June 28, 2011, Plaintiff filed an application for DIB, alleging an onset date of March 31, 2005.[1] AR at 56, 96, 98.  Plaintiff asserts that he is disabled due to cellulitis streptococcus; sciatica; and pain in his wrist, shoulder, arm, thumb, pinky, and elbow.  AR at 300.

The Commissioner denied Plaintiff's claim initially and on reconsideration.  AR at 118-24, 126-30.  Plaintiff requested a hearing, which took place on December 5, 2012, and March 18, 2013.  AR at 52-95.  On April 11, 2013, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform a specific job existing in significant numbers in the national economy.  AR at 33-46.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On November 3, 2014, Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1.

## II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

---

[1] Plaintiff amended his alleged onset date to September 1, 2011.  AR at 350.

REPORT AND RECOMMENDATION - 2

(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV. EVALUATING DISABILITY

As the claimant, Mr. Lyons bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age,

education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[2]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V.  DECISION BELOW

On April 11, 2013, the ALJ found:

1. The claimant meets the insured status requirements of the Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since September 1, 2011, the alleged onset date.

3. The claimant's sciatica, degenerative disk disease of the cervical spine, septic deconstruction of the left wrist with flexion contraction in his left fifth finger (status/post unspecified surgery), and chronic pain syndrome are severe.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except that he can only occasionally push or pull with his left (non-dominant) upper extremity. He can frequently finger or reach overhead with this extremity. He can frequently balance, stoop, kneel, crouch, crawl, or climb ramps or stairs. He can occasionally climb ladders, rope, or scaffolding. He should avoid concentrated exposure to vibration or extreme cold. He can understand, remember, and carry out unskilled work that requires a specific vocational preparation of two or less.

6. The claimant is unable to perform any past relevant work.

7.  Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

8.  The claimant has not been under a disability, as defined in the Act, from September 1, 2011, through the date of the decision.

AR at 35-46.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1.  Whether the ALJ erred in finding that Plaintiff's regional sympathetic dystrophy ("RSD") was not a medically determinable impairment.

2.  Whether the ALJ's error in assessing the opinion of consultative examiner Faulder Colby, Ph.D., was harmless; and

Dkt. 10 at 1; Dkt. 15 at 1-2.

## VII. DISCUSSION

A.  <u>The ALJ Did Not Err in Assessing Plaintiff's RSD.</u>

The ALJ noted that Plaintiff's treating ARNP diagnosed Plaintiff with RSD in May 2012. AR at 39 (citing AR at 413). Because this diagnosis was not offered by an acceptable medical source, the ALJ found that it did not establish the existence of a severe impairment. AR at 39; 20 C.F.R §§ 404.1513(a), 416.913(a) ("We need evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s)."). The ALJ also indicated that even if RSD was an established impairment, the limitations caused by RSD were accommodated in the RFC assessment. AR at 39.

Plaintiff argues that because the medical record contains reference to 2002 documents that purportedly contain an RSD diagnosis (AR at 391), the ALJ erred in failing to further develop the record by requesting those records. The Court disagrees. First, Plaintiff's argument fails to acknowledge that he bears the burden at step two to prove the existence of his or her severe impairments. An ALJ has an affirmative duty to develop the record if the record

REPORT AND RECOMMENDATION - 6

is ambiguous or inadequate, but neither of those circumstances is present here. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The ARNP's notation does not establish that the 2002 references to RSD were made by an acceptable medical source, or that there exists any evidence showing that Plaintiff's RSD was severe during the relevant period or that he ever received any treatment for RSD. The medical evidence of record describes no treatment for RSD in the six years before the alleged disability onset (in September 2011) or during the relevant period. AR at 384-438. Thus, potential references to RSD dating to 2002 do not create a relevant ambiguity as to Plaintiff's limitations during the relevant period.

Furthermore, the ALJ found that any limitations caused by RSD in Plaintiff's left upper extremity were accommodated by the exertional, manipulative, and environmental limitations included in the RFC assessment. AR at 39. Plaintiff speculates that other limitations could have been caused by RSD, but cites no evidence to support that speculation. Dkt. 10 at 9-10. Plaintiff's speculation does not establish an ambiguity in the evidence. Accordingly, the Court concludes that the ALJ did not err in failing to further develop the record.

B.  The ALJ's Error in Assessing Dr. Colby's Opinion is Harmful.

The Commissioner concedes that the ALJ erred in failing to include the diagnoses contained in Dr. Colby's opinion as severe impairments at step two, and in failing to apply the psychiatric review technique to determine the severity of those impairments. The Commissioner argues that the errors are harmless, however, because Plaintiff has failed to establish that the ALJ's inclusion of mental impairments at step two or the application of the psychiatric review technique would have changed the ALJ's RFC assessment.

The Ninth Circuit has held that when an ALJ evaluates a disability claim to determine whether a medically determinable mental impairment is severe, the ALJ must rate the degree of limitation caused by the mental impairment in four broad areas. *Keyser v. Comm'r of Social*

REPORT AND RECOMMENDATION - 7

*Sec. Admin.*, 648 F.3d 721, 726-27 (9th Cir. 2011).  The ALJ's failure to complete this analysis, called the "psychiatric review technique," is prejudicial if Plaintiff has demonstrated a colorable claim of a mental impairment.  *Id.*; 20 C.F.R. § 416.920a.

In this case, the Commissioner argues that even if Plaintiff did have medically determinable, severe mental impairments, the ALJ's RFC assessment accounts for the limitations caused by those impairments and thus any error in the ALJ's step-two and -three findings is harmless.  Dkt. 15 at 5-9.

The ALJ's RFC assessment does not, on its face, however, account for all of the limitations referenced in Dr. Colby's opinion.  For example, Dr. Colby opined that Plaintiff's memory deficits "will make it very hard for him to engage in work-related activities that require intact memory skills."  AR at 433.  The Commissioner argues that unskilled jobs do not require "intact memory skills" (Dkt. 15 at 7), but cites no authority so holding.  Furthermore, Dr. Colby indicated that Plaintiff had marked limitations in his ability to understand and remember simple instructions.  AR at 435.  Although there may be legitimate reasons to discount that portion of Dr. Colby's opinion, the ALJ did not provide any legitimate reasons to do so.  *See* AR at 38; Dkt. 15 at 7-9 (defending the ALJ's failure to account for Dr. Colby's opined limitations for reasons other than the reasons explicitly provided by the ALJ).  Thus, because Dr. Colby's opinion is not entirely consistent with the ALJ's RFC assessment, and the ALJ's erroneous assessment of Dr. Colby's opinion does not contain legitimate reasons to discount Dr. Colby's opinion, the Court cannot find that the ALJ's error is harmless.  *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.").

The appropriate remedy for this error is remand for additional proceedings, rather than a finding of disability, because there is conflicting evidence as to whether Plaintiff is disabled,

and this evidence raises "serious doubts" as to whether Plaintiff is entitled to benefits. *See* AR at 40-44 (providing unchallenged reasons to discount the credibility of Plaintiff's subjective complaints, and summarizing medical evidence supporting an RFC assessment for light work with additional limitations). Under these circumstances, further proceedings would be useful. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105-07 (9th Cir. 2014).

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **June 3, 2015**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 5, 2015**.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 20th day of May, 2015.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge